# EXHIBIT A

JEFF FINE
Clerk of the Superior Court
By Bianca Barrett, Deputy
Date 04/14/2020 Time 10:09:49
Description                        Amount
-------- CASE# CV2020-004627 --------
CIVIL NEW COMPLAINT                333.00 D
-------------------------------------
TOTAL AMOUNT                         0.00
RECEIPT# 27743686

# SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CARL A. WESCOTT, | Civil Action No.  CV 2020-004627 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR UNPAID EMPLOYEE EXPENSES, BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING, PROMISSORY FRAUD PROMISSORY ESTOPPEL & NEGLIGENT MISREPRESENTATION** |
| BERNARD MOON; JIMMY KIM; HANJOO LEE; JAY MCCARTHY; FRANK MEEHAN; EUGENE KIM; THE SPARKLABS GROUP; ROB DEMILLO; | |
| Defendants. | |
| + DOES 1 through 300 | |

Plaintiff Carl A. Wescott, proceeding *pro se*, complains of Defendants Mr. Bernard Moon, Mr. Jimmy Kim, Mr. Hanjoo Lee, Mr. McCarthy, Mr. Meehan, Mr. Eugene Kim; the SparkLabs Group; and Rob Demillo, and in support of his Complaint, the Plaintiff states as follows.

## 1. The Parties: Plaintiff and Defendants

1. The Plaintiff is an individual residing in Scottsdale, AZ.

2. Bernard Moon is an individual residing in Palo Alto, CA but doing significant business in Maricopa County, Arizona (including with ASU).  Mr. Moon is one of the three original co-founders of the SparkLabs Group and its entities, and is also a SparkLabs Group partner.

3. Mr. Jimmy Kim is an individual living in Seoul, South Korea, but also doing significant business in Arizona. Mr. Kim is one of the three original co-founders of the SparkLabs Grouip and its entities, and is also a SparkLabs Group partner.

4. Mr. Hanjoo Lee is an individual living in Seoul, South Korea, but also doing significant business in Arizona. Mr. Lee is one of the three original co-founders of the SparkLabs Grouip and its entities, and is also a SparkLabs Group partner.

5. Mr. Jay McCarthy is an individual living on Sentosa Island, Singapore, and a partner at the SparkLabs Group. The SparkLabs Group does significant business in Arizona, including in its partnership with ASU to run student cohorts for its new accelerator, and to invest in ASU students' Arizona startup companies.

6. Mr. Frank Meehan is an individual living in London in the United Kingdom, and a partner in the SparkLabs Group. The SparkLabs Group does significant business in Arizona, including in its partnership with ASU to run student cohorts for its new accelerator, and to invest in ASU students' Arizona startup companies.

7. Mr. Eugene Kim is an individual living in Seoul, South Korea, and a partner in the SparkLabs Group. The SparkLabs Group does significant business in Arizona, including in its partnership with ASU to run student cohorts for its new accelerator, and to invest in ASU students' Arizona startup companies.

8. The SparkLabs Group, per its website at http://www.sparklabsgroup.com/, comprises of SparkLabs accelerator network, Asia's premier startup accelerators; Sparklabs Global Ventures, a leading seed stage fund; SparkLabs Ventures, a locatlized early-stage fund (Series A & B) in South Korea; SparkLabs Capital, a late stage investment vehicle.

2

SparkLabs accelerator network consists of SparkLabs Korea (Seoul); SparkLabs China (Beijing and launching Shanhai, Chengdu, and Shenzhen), SparkLabs IoT & Smart Cities (Songdo, South Korea), SparkLabs Taipei and SparkLabs FinTech (Hong Kong)."

9.  SparkLabs partners and the The SparkLabs Group do significant business in Arizona, operating SparkLabs Frontier-ASU http://www.sparklabsfrontierasu.com/ in partnership with Arizona State University. As part of that, the SparkLabs Group will be running cohorts in Arizona and investing money in Arizona companies founded by Arizona State University students.

10. As the SparkLabs Frontier-ASU web site states, « SparkLabs Frontier-ASU is a new startup accelerator program launched by SparkLabs Group, the global network of accelerators and venture funds."

11. Rob Demillo is a resident of California and a partner at the SparkLabs Group.

## 2.  Further allegations regarding DOES and conspiracy between defendants

12. In addition, upon information and belief, there are even more individual Defendants currently unknown to Plaintiff, who shall emerge with the benefit of legal discovery.

13. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, Mr. Moon, Mr. J. Kim, Mr. Lee, Mr. E. Kim, Mr. McCarthy, Mr. Meehan, and Mr. Demillo as individuals, in addition to acting for himself and on his own behalf individually, as well as for the benefit of their respective marital community (if any per individual case), are and were acting as the agents, servants, employees, and/or

3

representatives of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy. Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all of the Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

14. In addition, upon information and belief, there are even more corporate, trust, and other entity type Defendants currently unknown to Plaintiff, which shall emerge with the benefit of legal discovery. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, the SparkLabs Group, in addition to acting for itself and for its own behalf, was acting as the agent, servant, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the Defendants (entity and individual) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy. . Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all of the Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of

the specific Defendants were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

15. There are dozens of other SparkLabs Group entities, partners, and portfolio companies that, upon information and belief, have liability to the Plaintiff, his entities, and/or related parties. The Plaintiff believes that those dozens of sets of issues comprise different causes of action against different sets of Defendants in many different jurisdictions and venues. The Plaintiff is beginning to address some of these issues in parallel at this point. A summary of the sets of issues is provided in Exhibit A, and is based on the Plaintiff's current knowledge and beliefs.

16. The claims in this particular legal claim are for a certain set of causes of action, with a particular set of defendants, in a particular jurisdiction. None of the known claims in Exhibit A are being addressed at this point, nor can unknown or unconfirmed claims be addressed herein.

17. The Plaintiff was cut off from his access to the Sparklabs Group servers, his email, and his and SparkLabs documents on or around June 20th, 2019. Thus, he is lacking key evidence for many of the upcoming legal complaints, for issues that cannot be negotiated or settled amicably. He will serve discovery for all said issues in the appropriate venues. The Plaintiff will be able to further press his claims upon receiving discovery responses in those venues, after filing the appropriate legal complaints.

3. **Jurisdiction and Venue**

18. Jurisdiction is appropriate in this Court as The SparkLabs Group, and its subsidiary SparkLabs Frontier-ASU do business in Arizona, as do many of the SparkLabs Group partners who are individual defendants in this legal complaint. Mr. Bernard Moon, for example, regularly does business in Maricopa County.

4. **Underlying Facts**

19. Plaintiff was a former employee of the SparkLabs Group.

20. Bernard Moon, on behalf of the SparkLabs Group, had promised that the SparkLabs Group would reimburse over US $27,000 in tuition and educational expenses. The initial promise was at dinner in Palo Alto in later December 2017.

21. Mr. Moon made further promises in 2018, including in writing. Mr. Moon's final verbal promise to pay was in January 2019.

22. Separately but relatedly, Mr. Moon had promised to pay the Plaintiff's cell phone bills repeatedly. Mr. Moon did kindly buy the Plaintiff a cell phone to use for SparkLabs business. Mr. Moon also paid for a couple of months of Plaintiff's cell phone bills but neglected to pay the rest.

23. The educational expenses and unpaid cell phone bills, together ("The Expenses"), are over US $30,000.

24. The Plaintiff no longer works for the SparkLabs Group.

25. Despite all the previous promises, Mr. Moon stopped taking the Plaintiff's calls or responding to his emails.

26. To right the scales of justice, the Plaintiff is forced to take this step to get a jury trial proving he is owed these sums.  In the trial he will prove the consequential damages stemming from these unpaid reimbursable expenses.  (To be clear, the Plaintiff has other unreimbursed expenses not in this legal complaint owed by other sets of parties, and distinct parties - for example SparkLabs portfolio company Augmented Knowledge).

## Count I – Unpaid Employee Expenses

27. The Plaintiff realleges paragraphs 1-26 as if fully set out herein.

28. Arizona lacks statutory laws that give further precision to this particular issue.  The Plaintiff requests that this Court apply California law, as Bernard Moon, Scott Soochak, and multiple SparkLabs entities, including at least one that the Plaintiff worked for, are domiciled in California.

29. California Labor Code 2802 (a) reads as follows:

> An employer shall indemnify his or her employee for **all necessary expenditures** or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. (Emphasis added).

30. The Expenses were necessary to the discharge of the Plaintiff's employment and were reasonable and were not only not objected to by Mr. Moon during the original conversation where the agreement to pay these expenses emanated… Mr. Moon made the offer and suggestion, accepted by the Plaintiff.

7

31. The expenses were submitted in late December, in writing.

32. Mr. Moon and the SparkLabs Group have failed to pay the Expenses despite repeated demands from the Plaintiff.

33. As a direct result of the SparkLabs Group's refusal to pay the Expenses, the SparkLabs Group has violated Labor Code 2802(a) and is liable for the Expenses, penalties and interest as set out in 1194.2 and for all reasonable attorney's fees and other costs necessary to collect these amounts, pursuant to 2802 (c).

**Count II - Breach of the Covenant of Good Faith & Fair Dealing**

34. The Plaintiff reallages paragraphs 1-26 as if fully set out herein.

35. The Plaintiff and Bernard Moon, on behalf of the SparkLabs Group, and the other SparkLab partners, entered into a contractual relationship, including the specific contract formed orally and confirmed many times.

36. The SparkLabs Group, by failing and refusing to reimburse the Expenses that were directly necessary to the Plaintiff\s discharge of his employment duties, prevented the Plaintiff from receiving benefits the Plaintiff reasonably expected to receive.

37. The SparkLabs Group's failure represented an act of bad faith and a refusal to act fairly.

38. The Plaintiff has been damaged by the SparksLabs Group's breach of the covenant of good faith and fair dealing by losing the Expenses incurred and in and suffering consequential damages within the contemplation of the parties including business opportunity costs and personal tolls and sacrifices.

## Count III – Promissory Fraud

39. The Plaintiff realleges paragraphs 1-26 as if fully set out herein.

40. Moon's assurances that the Expenses would be promptly approved and paid ("Moon's Assurances") were knowingly false when made in December of 2017.

41. Moon's Assurances were made as part of a scheme to induce the Plaintiff to continue to perform professional services for the benefit of the SparkLabs Group without payment of the Expenses.

42. Moon, acting as agent and managing partner for the SparkLabs Group intended that the Plaintiff rely on Moon's Assurances.

43. The Plaintiff in fact reasonably relied on Moon's Assurances to his detriment.

44. The Plaintiff has been damaged by the SparkLabs Group's acts of promissory fraud by losing the Expenses incurred and in and suffering consequential damages within the contemplation of the parties including business opportunity costs and personal tolls and sacrifices.

## Count IV – Promissory Estoppel

45. The Plaintiff realleges paragraphs 1-26 as if fully set out herein.

46. In making Moon's Assurances, Moon knew or should have known that Moon's Assurances would induce reliance on the part of the Plaintiff, including both action and forbearance.

47. The Representations did in fact induce action and forbearance on the part of the Plaintiff in that the Plaintiff provided professional services to the SparkLabs Group and many of its entities and deferred the collection of the Expenses.

48. The interests of justice require that the SparkLabs Group compensate the Plaintiff for the detriment caused by his reliance and that the SparkLabs Group and other defendants be estopped from contending that Moon's Assurances are not enforceable.

49. The Plaintiff has suffered detriment as the result of his reliance on the Representations, by losing the value of the Expenses incurred and in and suffering consequential damages within the contemplation of the parties including business opportunity costs and personal tolls and sacrifices.

## Count V – Negligent Misrepresentation

50. The Plaintiff realleges paragraphs 1-26 as if fully set out herein.

51. Pleading in the alternative, at the time Moon offered Moon's Assurances he knew or should have known that the Expenses would not be approved or paid.

52. Moon had no reasonable grounds for believing that the Expenses would be approved or paid at the time he made Moon's Assurances.

53. Moon intended that the Plaintiff rely on Moon's Assurances.

54. The Plaintiff did in fact reasonably rely on Moon's Assurances.

55. The Plaintiff has been harmed as a result of his reliance on Moon's Assurances by losing the Expenses incurred and in and suffering consequential damages within the

contemplation of the parties including business opportunity costs and personal tolls and sacrifices.

WHEREFORE, PLAINTIFF PRAYS:

a.  As to Count I for payment of the Expenses, plus a penalty of $100 for the first pay period in which the Expenses were not timely paid (the bi-weekly period ending November 15th, 2017) and $250 for each subsequent pay period for which the Expenses were not paid; plus interest at 10 percent per annum under CCP 685.010; plus the reasonable costs including attorney's and paralegal's fees, court costs, and costs of service incurred herein;

b.  As to Count II for all direct and consequential damages flowing from the SparkLabs Group's Breach of the Covenant of Good Faith and Fair Dealing including business opportunity costs, the Plaintiff's personal suffering, including of exemplary damages in an amount sufficient to punish and deter Moon and the SparkLabs Group from Breaching the Covenant of Good Faith and Fair Dealing in the future;

c.  As to Count III for all direct and consequential damages flowing from Mr. Moon's and the SparkLabs Group's acts of Promissory Fraud business opportunity costs, the Plaintiff's personal suffering and including exemplary damages in an amount sufficient to punish and deter Moon and the SparkLabs Group from committing acts of Promissory Fraud in the future;

d.  As to Count IV for all direct and consequential damages flowing from Moon's and the

SparkLabs Group's acts in inducing detrimental reliance including business opportunity

costs and the suffering fom the Plaintiff's involuntary sacrifices.

e.  As to Count V for all direct and consequential damages flowing from Moon's and the

SparkLab Group's negligent misrepresentations;

f.  For costs and reasonable fees and;

g.  For such other and further relief as this Court deems just

RESPECTFULLY SUBMITTED

Carl A. Wescott, *pro se*
Scottsdale, AZ
Monday April 13th, 2020

### _EXHIBIT A_

| | |
|---|---|
| mentoring | SS I, SS II, Taiwan |
| helping each portfolio company | Oman |
| recruiting name mentors | SS I, SS II, Cultiv8, DC  HK, Oman |
| recruiting GPs | Rob Das |
| recruiting GPs | Brian Behlendorf |
| receruiting general mentors | |
| drafting PPM and legal documents | Cultive8 |
| investment conversion (IoT s/b/ KF II) | |
| venture partnership (IoT s/b KF II) | |
| investment committee and more | Nordics |
| Managing Director - KF II should pay unpaid salary, unpaid benefits, general unpaid expenses | |
| partnership interest IoT s/b/ KF II | |
| partnership interest Singapore IoT accelerator | |
| partnership interest Singapore FinTech accelerator | |
| Augmented Knowledge through 2018 | No claim if salary paid - part of the duties for my job - but if salary not paid shortly, will pursue claim |
| AK 2018 through march 2019 | sales and marketing role in 2020 |
| april through ~may 15th   ⊃°¡९ | interim CEO and/or VP M |
| consigliere | DC |
| Content and investors | e.g. Jeff Clavier |
| Foundry GP share or equity | 1% |
| Nordics GP share | |
| Lyft SPV GP (assigned claim) | |
| Augmented Knowledge equity | worth at least $70 (as patents had $7 mil offer) |
| University June 2019 Speech in Seoul and trip there | |
| GAN / Other blackballing | unversity |
| SpeedScaling | AK, Bioinspira, Locus Labs |
| Conference participation and speaking | |
| Including Demo Day content most of the time (many high-profile interviews and panels including Nic Braithwaite) | |
| Deal flow | Korea Ventures, KF I, KF II, SGV, Cultiv8 |
| Investment Raise | MLB |
| Raising | SGV, KF I, KF II, Oman |
| Wrongful Termination | |
| Violations of NCND | |
| Office / place to live | |

For the above, different sets of defendants including SL partners, entities, officers
For some of the above, the unprofessionals e.g. WS, Cooley, accountants, tax prep, auditors (Elevate, A LLP, E&Y)
         includes Christine and Bernard who served as "internal audit" andf falsified financials
Separate Cooley claims (Josh Elefant)
Now that Cooley has ratified forgery, perfury, falsifying court evidence, and securities fraud, further claims there

Person Filing: Carl A. Wescott

Address (if not protected): 7707 E McDowell #248

City, State, Zip Code: Scottsdale AZ 85257

Telephone: 415 335 5000

Email Address: carlwescott2020@gmail.com

Lawyer's Bar Number: _____ n/a

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff  OR  ☐ Defendant

CLERK OF THE SUPERIOR COURT
FILED
2020 APR 14  AM 10: 08
B. Barrett, Deputy

FOR CLERK'S USE ONLY

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Carl A. Wescott

_____

PLAINTIFF,

vs.

Bernard Moon, SparkLabs Group, et al.

_____

DEFENDANT.

CV 2020-004627

**Case Number:** _____

## CERTIFICATE OF COMPULSORY ARBITRATION

***Notice to Defendant: If you agree with the Plaintiff's Certificate of Compulsory Arbitration, you DO NOT need to file this form.**

The undersigned certifies that this case is (Please check **ONLY** one option below):

☐  **Subject to Arbitration** – The amount of money in controversy **DOES NOT** exceed $50,000, **AND** no other affirmative relief is sought.

☒  **Not Subject to Arbitration** – The amount of money in controversy **DOES** exceed $50,000, **OR** other affirmative relief is sought.

*Defendant – If you DISAGREE with the Plaintiff's Certificate of Compulsory Arbitration, please explain why you disagree below:

_____

_____

_____

SUBMITTED this ___10th___ day of ___April___, 20 20 .

SIGNATURE _____

CLERK OF THE SUPERIOR COURT
FILED

2020 APR 14  AM 10: 08

B. Barrett, Deputy

Person Filing: Carl A. Wescott

Address (if not protected): 7707 E McDowell #248

City, State, Zip Code: Scottsdale AZ 85257

Telephone: 415 335 5000

Email Address: carlwescott2020@gmail.com

Lawyer's Bar Number: _____ n/a _____

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff  OR  ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Carl A. Wescott
_____
  Name of Plaintiff

Bernard Moon, SparkLabs Group, et al.
_____
  Name of Defendant

Case Number: CV 2020-004627

Title: **PLAINTIFF'S DEMAND for JURY TRIAL**

Plaintiff, Carl A. Wescott_____, demands a trial by jury in this case. If this
           *(Name of Plaintiff)*

case is sent to compulsory arbitration, Plaintiff demands a trial by jury if there is an appeal

from that compulsory arbitration.

Dated this _April 10th, 2020_____
           *(Date of signature)*

_____
(Signature of Plaintiff or Plaintiff's Attorney)

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC11f  050718

Person Filing: Carl A. Wescott
Address (if not protected): 7707 E. McDowell #248
City, State, Zip Code: Scottsdale, AZ 85257
Telephone: 415 335 5000
Email Address: carlwescott2020@gmail.com
Lawyer's Bar Number: _____ n/a

CLERK OF THE SUPERIOR COURT
FILED
2020 APR 14  AM 10: 08
B. Barrett, Deputy

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Carl A. Wescott
**Name of Petitioner/Plaintiff**

Case Number: CV 2020-004627

**ORDER REGARDING DEFERRAL OR WAIVER OF COURT FEES AND COSTS AND NOTICE REGARDING CONSENT JUDGMENT**

BERNARD MOON, SPARK LABS GROUP, et al.
**Name of Respondent/Defendant**

---

**NOTE: ONLY FILL OUT THE ABOVE INFORMATION. THE COURT WILL FILL OUT THE REST OF THE FORM.**

---

**THE COURT FINDS** that the applicant (print name) Carl A. Wescott                    :

1. ☐ IS NOT ELIGIBLE FOR A DEFERRAL of fees and/or costs.

    **OR**

2. ☒ IS ELIGIBLE FOR A DEFERRAL of fees and/or costs based on financial eligibility. As required by state law, the applicant has signed a consent to entry of judgment.

    **OR**

3. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and/or costs at the court's discretion (A.R.S. § 12-302(L)).

    **OR**

4. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and/or costs based on good cause shown. As required by state law, the applicant has signed a consent to entry of judgment.

    **OR**

5. ☐ IS ELIGIBLE FOR A WAIVER of fees and/or costs because the applicant is permanently unable to pay (A.R.S. § 12-302(D)).

    **OR**

6. ☐ IS ELIGIBLE FOR A WAIVER of fees and/or costs at the court's discretion (A.R.S. § 12-302(L)).

    **OR**

Case Number: _____

**7.** ☐ IS NOT ELIGIBLE FOR A WAIVER of fees and/or costs.

## IT IS ORDERED:

☐ **DEFERRAL IS DENIED** for the following reason(s):

   ☐ The application is incomplete because _____

   **You are encouraged to submit a complete application.**

   ☐ The applicant does not meet the financial criteria for deferral because _____
   _____

   **A deferral MUST BE granted if the applicant is receiving public assistance benefits from the Temporary Assistance to Needy Families (TANF) program or Food Stamps; presents documentation they are currently receiving services from a non-profit legal services organization; has an income  that is insufficient or barely sufficient to meet the daily essentials of life and that includes no allotment that could be budgeted to pay the fees and costs necessary to gain access to the court; or, if the applicant demonstrates other good cause.**

☑ **DEFERRAL IS GRANTED** for the following fees and/or costs in this court:

   ☑ Any or all filing fees; fees for the issuance of either a summons and subpoena; or the cost of attendance at an educational program required by A.R.S. § 25-352, fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment or decree in all civil proceedings.

   ☐ Fees for service of process by a sheriff, marshal, constable or law enforcement agency.

   ☐ Fees for service by publication.

   ☐ Filing fees and photocopy fees for the preparation of the record on appeal.

   ☐ Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

   **IF A DEFERRAL IS GRANTED, PLEASE CHECK ONE OF THE FOLLOWING BOXES:**

   ☑ **NO PAYMENTS WILL BE DUE UNTIL FURTHER NOTICE.**

   ☐ **SCHEDULE OF PAYMENTS.**
   The applicant shall pay $_____ each _____ (week, month etc.) until paid in full, beginning _____.

☐ **WAIVER IS DENIED** for all fees and/or costs in this case.

☐ **WAIVER IS GRANTED** for all fees and/or costs in this case that may be waived under A.R.S. § 12-302(H).

   ☐ Any or all filing fees; fees for the issuance of either a summons or subpoena; or the cost of attendance at an educational program required by A.R.S. § 25-352, fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment or decree in all civil proceedings.

   ☐ Fees for service of process by a sheriff, marshal, constable or law enforcement agency.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ODF

GNF18f - 050119
Use current version

Case Number: _____

☐ Fees for service by publication.

☐ Filing fees and photocopy fees for the preparation of the record on appeal.

☐ Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

**RIGHT TO JUDICIAL REVIEW.** If the application is denied or a payment schedule is set by a special commissioner, you may request the decision be reviewed by a judicial officer. The request must be made within twenty (20) days of the day the order was mailed or delivered to you. If a schedule of payments has been established, payments shall be suspended until a decision is made after judicial review. Judicial review shall be held as soon as reasonably possible.

**NOTICE REGARDING CONSENT JUDGMENT.** Unless any of the following applies, a consent judgment may be entered against the applicant for all fees and costs that are deferred and remain unpaid thirty (30) days after entry of final judgment:

**A.** Fees and costs are taxed to another party;

**B.** The applicant has an established schedule of payments in effect and is current with those payments;

**C.** The applicant filed a supplemental application for waiver or further deferral of fees and costs and a decision by the court is pending;

**D.** In response to a supplemental application, the court orders that the fees and costs be waived or further deferred; or

**E.** Within twenty (20) days of the date the court denies the supplemental application, the applicant either:

  1. Pays the fees and costs; or,
  2. Requests a hearing on the court's order denying further deferral or waiver. If the applicant requests a hearing, the court cannot enter the consent judgment unless a hearing is held, further deferral or waiver is denied, and payment has not been made within the time prescribed by the court.

If an appeal is taken, a consent judgment for deferred fees and costs that remain unpaid in the lower court shall not be entered until thirty (30) days after the appeals process is concluded. The procedures for notice of court fees and costs and for entry of a consent judgment continue to apply. If a consent judgment is signed and the applicant pays the fees and costs in full, the court is required to comply with the provisions of A.R.S. § 33-964(C).

**DUTY TO REPORT CHANGE IN FINANCIAL CIRCUMSTANCES.** An applicant who is granted a deferral or waiver shall promptly notify the court of any change in financial circumstances during the pendency of the case that would affect the applicant's ability to pay court fees and costs. Any time the applicant appears before the court on this case, the court may inquire as to the applicant's financial circumstances.

DATED: _____ APR 1 4 2020 _____          _____

☐ Judicial Officer    ☒ Special Commissioner

---

I CERTIFY that I mailed/delivered/provided a copy of this document to:

☑ Applicant ☐ at the above address ☑ in court

☐ Applicant's attorney ☐ at the above address ☐ in court

Date: _____ APR 1 4 2020 _____          By: _____

Clerk

B. Barrett
Deputy Clerk

---

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ODF

Page 3 of 3

GNF18f - 050119
Use current version

**Party Updating Information is:**

☒ **Petitioner/Plaintiff**

☐ **Respondent/Defendant**

CLERK OF THE
SUPERIOR COURT
FILED
C. O'NEILL, DEP

**20 MAY 11   PM 1:47**

For Clerk's Use Only

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Carl A. Wescott

**Name of Petitioner/Plaintiff \***

Bernard Moon, Sparklabs, et. al

**Name of Respondent/Defendant \***

**CASE NO.:**   CV2020-004627

**ATLAS NO.:**   _____

**\*(Write Names above as on Court Documents)**

**UPDATE INFORMATION on**

☒ **MAILING ADDRESS**

☒ **EMAIL ADDRESS and/or**

☐ **NAME**

### If your address is protected by Court Order, DO NOT use this form.

## I UNDERSTAND:

1.  This Notice is to tell the Clerk of Superior Court that my address or name has changed.

2.  This form does NOT legally change my name.

3.  Address and name changes that are not sealed or confidential will be entered on both the support payment and the court's automated system and will be available to the public as a public record.

4.  I may only submit changes for my own address and name.

## INFORMATION I WANT TO CHANGE: (PLEASE PRINT)

My old name was:   _____

My new name is: My   _____

old address was:   7707 E. McDowell Rd, #248, Scottsdale, AZ 85257

(Street Address, City, State, Zip Code)

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

GN91f 112519

Case No. CV2020-004627

My new address is: **7017 E. McDowell Rd, #214, Scottsdale, AZ 85257**

(Street Address, City, State, Zip Code)

My new mailing address is: _____

(If different from above)

My old contact phone number was: (_____)_____

My new contact phone number is: (_____)_____

My old email address was: **carlwescott42@gmail.com**

My new email address is: **carlwescott2020@gmail.com**

My date of birth is: _____

☐ There is an order for payments through the Clearinghouse for Child Support and/or Spousal Maintenance
(if so, fax to 602-506-1937.) OR

☐ There is an order for payments through the Clerk of Superior Court for Restitution (if so, email the completed
form to; CFOResponse@mail.maricopa.gov ) OR

☐ This update is for other than Support, Maintenance or Restitution (if so, fax to 602-506-6690).

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on:   **05/11/2020**                    _____

  Date                                Signature of Person Requesting Change

☐ Please send me information on direct deposit for Child Support and/or Spousal Maintenance.

☐ iCIS Address updated      (FOR COURT USE ONLY)

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED                    Page 2 of 2                    GN91f-112519