William M. Fischbach (SBN 019769)
Amy D. Sells (SBN 024157)
Gianni Pattas (SBN 030999)
Marcos A. Tapia (SBN 032746)

**TB TIFFANY & BOSCO**
P.A.

Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Facsimile:  (602) 255-0103
Email:  wmf@tblaw.com; ads@tblaw.com; gp@tblaw.com; mat@tblaw.com

*Attorneys for Defendants Bernard Moon, Jimmy Kim, Hanjoo Lee, Jay McCarthy, Frank Meehan, Eugene Kim, Rob DeMillo, and SparkLabs Group Management, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Carl A. Wescott, | No. 2:20-cv-00964-MTL |
|---|---|
| Plaintiff, | **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FRCP 12(b)(2)** |
| vs. | |
| Bernard Moon; Jimmy Kim; Hanjoo Lee; Jay McCarthy; Frank Meehan; Eugene Kim; The SparkLabs Group; Rob DeMillo, | |
| Defendants. | |

*Pro se* Plaintiff Carl A. Wescott ("Plaintiff") was placed on California's vexatious litigant list in 2017. He has now taken to filing a lawsuit in Arizona that should have been brought in California. This Court should dismiss the claims against Defendants Bernard Moon, Jimmy Kim, Hanjoo Lee, Jay McCarthy, Frank Meehan, Eugene Kim, Rob DeMillo, and SparkLabs Group Management, LLC (collectively "Defendants") due to lack of personal jurisdiction for the following reasons:

- This Court cannot exercise general personal jurisdiction over Defendants. The individual Defendants do not reside in Arizona, and the one corporate defendant is not incorporated or headquartered in Arizona.

- This Court cannot exercise specific personal jurisdiction over Defendants because none of the suit-related conduct occurred in, or was directed at, Arizona.

Defendants request dismissal with prejudice and an award of costs and attorneys' fees under A.R.S. §§ 12-341, 341.01, and 349.

## I.  Factual background.

Plaintiff is a resident of Arizona. Compl. ¶ 1. Defendants Bernard Moon and Frank DeMillo are residents of California. Notice of Removal [ECF No. 1] ¶¶ 3, 5; Compl. ¶¶ 2, 11, 28. Defendant SparkLabs Group Management, LLC ("SparkLabs Group") is a Delaware limited liability company with its principal place of business in Palo Alto, California. Notice of Removal [ECF No. 1] ¶ 4; Compl. ¶ 28; Declaration of Bernard Moon, attached as **Exhibit A**. Defendants Eugene Kim, Jimmy Kim, and Hanjoo Lee are residents of the Republic of Korea. Notice of Removal [ECF No. 1] ¶ 6; Compl. ¶¶ 3, 4, 7. Defendant Jay McCarthy is a resident of Singapore. Notice of Removal [ECF No. 1] ¶ 7; Compl. ¶ 5. Defendant Frank Meehan is a resident of the United Kingdom. Notice of Removal [ECF No. 1] ¶ 8; Compl. ¶ 6. The Arizona Corporate Commission has no record[1] of SparkLabs Group registering to do business in Arizona. *See Mills v. Warden*, 2:19-CV-07359-PSG(SK), 2019 WL 8226007, at *2 (C.D. Cal. Sept. 6, 2019) (holding that a District Court may take judicial notice of public records, "including their absence").

Plaintiff claims that he is a former employee of SparkLabs Group. Compl. ¶¶ 19-26. Plaintiff is asserting claims for unpaid employee expenses, breach of the covenant of good faith and fair dealing, promissory fraud, promissory estoppel, and negligent misrepresentation based on alleged promises to compensate Plaintiff and reimburse certain expenses. Compl. ¶¶ 27-55. Plaintiff's claim for unpaid employee expenses is not based on Arizona law, but rather on Section 2802 of the California Labor Code. Compl. ¶¶ 28, 29. Plaintiff ostensibly did not file suit in California because he was placed on California's Vexatious Litigant List on May 1, 2017. *See* **Exhibit B** (also available at https://www.courts.ca.gov/documents/vexlit.pdf)

---

[1] https://ecorp.azcc.gov/EntitySearch/Index

1    Plaintiff does not allege that any of Defendants' suit related conduct occurred in, or was directed at, Arizona. Rather, Plaintiff alleges that SparkLabs Group does "significant business" in Arizona by virtue of a partnership with Arizona State University which, Plaintiff implies, extends to SparkLabs Group's founders, to wit: Defendants Bernard Moon, Jimmy Kim, and Hanjoo Lee. Compl. ¶¶ 2, 3, 4, 9. Similarly, Plaintiff alleges that that Defendants Jay McCarthy, Frank Meehan, Eugene Kim, and Rob DeMillo are somehow connected to Arizona as "partners" of SparkLabs Group. Compl. ¶¶ 5, 6, 7, 11.

## II.  The law of person jurisdiction.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When a defendant challenges personal jurisdiction, a plaintiff cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

Arizona courts may exercise personal jurisdiction over a nonresident defendant to the maximum extent permitted under the Due Process Clause of the United States Constitution. *Arizona Sch. Risk Retention Tr., Inc. v. NMTC, Inc.*, 169 F. Supp. 3d 931, 935 (D. Ariz. 2016). There are two varieties of personal jurisdiction: general jurisdiction and specific jurisdiction. *MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1109 (D. Ariz. 2010). A defendant is subject to general jurisdiction when its "affiliations with the [forum] State are so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotes omitted). "For a corporation, general jurisdiction is proper in either the corporation's state of incorporation or principal place of business." *Zagorsky-Beaudoin v. Rhino Entm't Co.*, CV-18-03031-PHX-JAT, 2019 WL 4259788, at *3 (D. Ariz. Sept. 9, 2019) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

Specific jurisdiction "depends on an affiliation between the forum and the

underlying controversy; principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919 (internal quotes and brackets omitted). "For a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The connection must arise out of contacts that the "defendant himself" creates with the forum. *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). The defendant's contacts with the forum itself, not with persons residing there, must be analyzed. *Id.* (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945)). The plaintiff cannot be the only link between the defendant and the forum. *Id*. Mere injury to a forum resident is not a sufficient connection to the forum. *Id.* at 278. Accord *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015).

A plaintiff must establish three requirements for this Court to exercise specific jurisdiction over a nonresident defendant:

> (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal quotes and brackets omitted). "Purposeful availment is most often applied to contract claims, while purposeful direction is most often applied to tort claims." *IPSL, LLC v. Coll. of Mount Saint Vincent*, 383 F. Supp. 3d 1128, 1136 (D. Or. 2019). For a tort claim, a defendant has purposefully directed his activities at the forum if he: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Picot*, 780 F.3d at 1214 (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). "Under the purposeful availment test used for contract claims, the court looks to whether the defendant took

actions such as executing or performing a contract demonstrating that it purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Sarkis v. Lajcak*, 425 Fed. Appx. 557, 558 (9th Cir. 2011) (internal quotes and brackets omitted) (citing *Schwarzenegger*, 374 F.3d at 802).

### III. Legal argument.

#### A. This Court cannot exercise general jurisdiction over Defendants because none have continuous and systematic contacts with Arizona.

In this case, all of the individual Defendants reside outside of Arizona, and the only corporate Defendant—SparkLabs Group—is incorporated and headquartered outside of Arizona. *See* Part I, *supra*. Plaintiff's allegation regarding Arizona State University's partnership with SparkLabs Group does not confer general jurisdiction. This point was illustrated in *Wal-Mart Stores, Inc. v. LeMaire*, 242 Ariz. 357 (App. 2017). In that case, the plaintiff "sued Wal–Mart Stores, Inc., a company incorporated in Delaware with its principal place of business in Arkansas, in Arizona over a slip-and-fall accident that occurred at a store in Oregon." 242 Ariz. at 358, ¶ 1. Citing *Walden* and *Dailmer AG*, *supra*, the Arizona Court of Appeals held that Arizona lacked specific jurisdiction over Wal-Mart, even though it was registered to do business in Arizona and had numerous stores throughout Arizona. *Wal-Mart*, 242 Ariz. at 360-61, ¶¶ 9, 12, 14-19. The holding in *Wal-Mart* has been applied by this Court on numerus occasions. *See Ocean Garden Products Inc. v. Blessings Inc.*, CV-18-00322-TUC-RM, 2019 WL 4736928, at *4 (D. Ariz. Sept. 27, 2019); *Zagorsky-Beaudoin*, *supra*, 2019 WL 4259788, at *6; *e.g., Leon v. Peterbilt Motors Co.*, CV-18-02122-PHX-ROS, 2019 WL 859580, at *3 (D. Ariz. Feb. 22, 2019); *Harter v. Ascension Health*, CV-15-00343-TUC-RM, 2018 WL 496911, at *3 (D. Ariz. Jan. 22, 2018), reconsideration denied sub nom. *Harter v. Carondelet Health Network*, CV-15-00343-TUC-RM, 2018 WL 5792327 (D. Ariz. Feb. 14, 2018).

Here, SparkLabs Group is not registered to do business in Arizona, is not incorporated in Arizona, and is not headquartered in Arizona. SparkLabs Group's partnership with Arizona State University falls far short of "continuous and systematic

contacts." Plaintiff's proffered connection between Arizona and the individual Defendants is even more dubious. Even if Arizona had general jurisdiction over SparkLabs Group, that would not by itself confer personal jurisdiction over its founders or partners. *See Sher v. Johnson*, 911 F.2d 1357, 1366 (9th Cir. 1990).

In sum, Plaintiff cannot establish the necessary continuous and systematic contacts with Arizona to sustain general jurisdiction over any Defendant.

**B.   Arizona lacks specific jurisdiction over Defendants because there was no purposeful direction or purposeful availment by any Defendant.**

Plaintiff's claims appear to be a blend of tort and contract claims premised on his employment at SparkLabs Group, a company headquartered in California. Under either the purposeful direction or purposeful availment tests, nothing in Plaintiff's Complaint alleges, or even hints at, any suit-related conduct by any Defendant in, or directed to, Arizona. *See Walden*, 571 U.S. at 284; *Axiom Foods,* 874 F.3d at 1068. In fact, Plaintiff only references Arizona in two contexts: (1) his own residence in Arizona and (2) Defendant SparkLabs Group's partnership with Arizona State University, which Plaintiff attempts to impute to the individual Defendants. But Plaintiff does not draw any connection between his claims and SparkLabs Group's partnership with Arizona State University. Under *Walden*, Plaintiff cannot be the only connection to Arizona. 571 U.S. at 284. Plaintiff therefore cannot establish specific jurisdiction over Defendants.

Finally, even if Plaintiff could establish purposeful direction or purposeful availment (and he cannot), the exercise of personal jurisdiction over Defendants Eugene Kim, Jimmy Kim, Hanjoo Lee, Jay McCarthy, and Frank Meehan would be unreasonable. They are foreign nationals residing outside the United States and their connection to this Arizona via Defendant SparkLabs Group is tenuous at best. *Karsten Mfg. Corp. v. U.S. Golf Ass'n*, 728 F. Supp. 1429, 1435 (D. Ariz. 1990) (holding that exercising specific jurisdiction over Scottish members of unincorporated golf association would be so unreasonable so as to violate due process).

//

**IV.     Conclusion and request for costs and attorney's fees.**

Plaintiff cannot carry his burden to establish personal jurisdiction over any Defendant in Arizona. Plaintiffs' claims should have been brought in California, but Plaintiff has been placed on California's Vexatious Litigant List, which necessitated him filing in Arizona. Plaintiff is on his way to a similar classification under Arizona's own vexatious litigant statute, A.R.S. § 12-3201. A review of the Maricopa County Superior Court's docket indicates that Plaintiff has filed at least sixteen (16) lawsuits in Arizona exclusive of the instant case in the past eight months. *See* **Exhibit C**. Plaintiff has even filed a nearly identical lawsuit against Defendants Bernard Moon and SparkLabs Group in *Wescott v. Augmented Knowledge, et al.*, No. 2:20-cv-00965-GMS, currently pending in this Court. Accordingly, to deter Plaintiff from future groundless and unwarranted lawsuits, Defendants request dismissal with prejudice and an award of costs and attorney's fees under A.R.S. §§ 12-341, 341.01, and 349.

**DATED** this 26th day of May, 2020.

**TIFFANY & BOSCO** P.A.

By:  */s/ William M. Fischbach*
William M. Fischbach
Amy D. Sells
Gianni Pattas
Marcos A. Tapia
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
***Attorneys for Defendants Bernard Moon, Jimmy Kim, Hanjoo Lee, Jay McCarthy, Frank Meehan, Eugene Kim, Rob DeMillo, and SparkLabs Group Management, LLC***

**CERTIFICATE OF SERVICE**

The foregoing document was filed May 26, 2020 via the Court Electronic Filing System.  Copies will be served upon counsel of record by, and may be obtained through, operation of the CM/ECF System.  Copies will also be sent via email to:

Carl A. Westcott
7707 E. McDowell #214
Scottsdale, Arizona 85257
carlwescott2020@gmail.com